**Vickie STUEDLE, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 92–1340.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided March 5, 1993.

---

Michael D. Mayes, Springfield, MO, argued, for appellant.

Alleen S. Castellani, Kansas City, MO (Jean Paul Bradshaw II and Alleen S. Castellani, Kansas City, MO, on the brief), for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

Vickie Stuedle appeals the order of the district court granting summary judgment to the Secretary of Health and Human Services (Secretary). The district court found that substantial evidence on the record as a whole supported the Secretary's decision to deny her supplemental security income (SSI) disability benefits. We conclude that an opinion in this case would have no precedential value and that the Secretary's decision to deny SSI disability benefits is supported by substantial evidence on the record as a whole. Accordingly, we affirm. *See* 8th Cir.R. 47B.

HEANEY, Senior Circuit Judge, dissenting.

Vickie Stuedle is a 40–year–old woman with an eighth-grade education, who has never been gainfully employed. She is 5′1″ tall and weighs 216 pounds. Her husband receives SSI benefits, and his income is the sole source of income for the family. It is conceded that Stuedle suffers from obesity and hypertension, two nonexertional limitations. She has also been diagnosed by treating and consulting doctors as having chronic occupation strain of the right hand, the right foot, and lower back, as well as severe cephalgia, secondary to cervical osteoarthritis.

Stuedle's treating doctor wrote the following report:

TO WHOM IT MAY CONCERN:

I am writing this note at the request of my patient, Vickie Stuedle. Vickie is having problems associated with chronic lumbar strain with severe back pain. Also, she has bilateral carpal tunnel syndrome with difficulty grasping and gripping with both hands. Furthermore she has severe uncontrolled hypertension, marked obesity and tobacco abuse.

It is my opinion that Mrs. Stuedle has multiple problems that prevent her from being gainfully employed and, if properly treated, may allow her to return to employment. If not treated she will eventually be permanently disabled with loss of function of her hands due to irreversible nerve damage and musclar [sic] atrophy.

Notwithstanding this medical evidence and Mrs. Stuedle's testimony that she was unable to work, the ALJ denied benefits without calling a vocational expert to testify as to whether she could perform substantial gainful employment in the national competitive economy. Nor were any vocational tests conducted to determine whether she in fact had the ability to sit, stand and walk six hours a day, and to lift ten pounds frequently and twenty pounds occasionally. Instead, the ALJ determined that Stuedle's daily activities indicated that she could perform substantial gainful employment, and that her testimony was unbelievable in that it exaggerated her disabilities. Furthermore, noting that her husband receives SSI benefits, the ALJ stated that "[t]here are elements of secondary gain in this case." Decision of Administrative Law Judge, Arthur T. Stephenson, November 5, 1990, at 4.

The analysis set forth in my dissent in *Reed v. Sullivan*, 988 F.2d 812 (8th Cir. 1993), is applicable to the present case, and no useful purpose would be served by repeating it here. In my view, we have no alternative but to remand to the Secretary with directions to complete the medical testimony and to call a vocational expert to testify as to whether there is work in the national economy which Stuedle can perform in light of her exertional and nonexertional limitations.